UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOUTHERN ATLANTIC COMPANIES,
LLC, EDWARD HUTCHINS and
RAYMOND MCINTOSH,

    Plaintiffs,

v.                                                  Case No:   6:15-cv-254-Orl-31TBS

SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA,

    Defendant.

## ORDER

Plaintiffs bring this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.   They complain that Defendant violated their rights under the First and Fourteenth Amendments to the Constitution by retaliating against them for exercising their rights of free speech (Doc. 30).   The current discovery deadline is March 1, 2016, and the case is on the Court's trial term commencing August 29, 2016 (Doc. 19).

On May 26, 2015 I held a preliminary pretrial conference to discuss Plaintiffs' discovery of Defendant's electronically stored information (ESI).   At the conference, Defendant advised that one of the three servers it utilized in 2010 and until recently had been corrupted and that the corruption may have spread to one or both of Defendant's other servers.   Defendant said it had engaged a contractor to move all of its ESI from the three servers to one or more new servers, and that the work should be completed by August 2015 (Doc. 27).   Until then, Defendant said it was unable to search its servers.

I ordered Defendant to search its servers (when possible) and the computers of the fifteen employees referenced by Plaintiffs at the preliminary pretrial conference for

documents containing: (1) the names of the Plaintiffs; (2) communications concerning the decision to pursue attorney's fees and costs against Plaintiffs; (3) communications concerning the assignment of the claim for attorney's fees and costs to Wharton-Smith, Inc.; (4) communications concerning the decision whether to return the bid protest bond posted by Plaintiffs in connection with the Oak Ridge High School renovation project; and (5) communications concerning the decision to not award work on projects upon which Plaintiff submits bids (Id.).

On November 25, 2015, Plaintiffs filed their Motion to Compel Production of Documents, Amended Answers to Interrogatories, and Good Faith Cooperation in Scheduling Depositions (Doc. 32). Defendant responded and at the Court's direction, Plaintiffs filed a reply (Docs. 33, 35). In their motion, Plaintiffs complained, *inter alia*, about Defendant's responses to their first requests for production and first set of interrogatories. Numerous conferences between counsel followed, and the Court understands that all issues with the exception of Defendant's failure to produce documents on its servers have been resolved. Accordingly, the Court **DENIES as moot**, the motion to compel all discovery except documents on Defendant's servers.

Defendant states that it still does not have server recoverability and that documents are being produced as they are located. Still, Defendant states its belief that most responsive documents have already been produced and "that we are talking about a trickle at most." (Doc. 33 at 3). Despite Defendant's assurances, this is troubling. Defendant previously represented that the server issue would be resolved by August. Now, it is the end of December and the problem continues. Under the circumstances, Plaintiffs have asked the Court to revisit the scheduling order which Defendant opposes.

After due consideration Plaintiffs' motion, in-so-far as it pertains to the servers is **GRANTED** as follows. Defendant shall, within the next 14 days, file a written report explaining what the server problem is, why it still has not been corrected, and when it will be fixed. Since Defendant appears confidant that very few responsive documents have not been produced, it should also explain the basis for this belief. Once the Court has this information it will decide what, if any, additional relief to order.

**DONE** and **ORDERED** in Orlando, Florida on December 28, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record