# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SOUTHERN ATLANTIC COMPANIES,**
**LLC, EDWARD HUTCHINS and**
**RAYMOND MCINTOSH,**

        **Plaintiffs,**

**v.**                                          **Case No:   6:15-cv-254-Orl-31TBS**

**SCHOOL BOARD OF ORANGE**
**COUNTY, FLORIDA,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Reconsideration (Doc. 135) filed by the Plaintiffs.

### I.    Background

The Plaintiffs seek reconsideration of this Court's order (Doc. 104) granting summary judgment to the Defendant as to the First Amendment retaliation claims of Edward Hutchins and Raymond McIntosh.  The Court granted Defendant's motion based on a finding that neither of these Plaintiffs "ha[d] suffered retaliatory acts that would likely deter a person of ordinary firmness from exercising his or her First Amendment rights."   (Doc. 104 at 6).

### II.    Legal Standard

While the federal rules do not specifically provide for the filing of a "motion for reconsideration," *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S. Ct. 89, 121 L.Ed.2d 51 (1992), it is widely known that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, and Mary

Kay Kane, Federal Practice and Procedure 2d § 2810.1 (2007). However, due to the need to conserve scarce judicial resources and in the interest of finality, reconsideration is an extraordinary remedy that is to be employed sparingly. *U.S. v. Bailey*, 288 F.Supp. 2d 1261, 1267 (M.D. Fla. 2003). The decision on whether to alter or amend a judgement is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

The authorities generally recognize four basic grounds upon which Rule 59(e) motion may be granted:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure 2d § 2810.1 (2007).

Importantly, parties may not use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp 198 (S.D.N.Y. 1996).

**III.   Analysis**

The Plaintiffs contend that reconsideration is necessary to prevent "manifest error" but fail to identify any such error in this Court's original order. Instead, the Plaintiffs simply assert that

the First Amendment retaliation claims "were supported by law" (Doc. 135 at 6) and reiterate arguments that were considered and rejected in connection with the order at issue.  As noted above, the grant of summary judgment was based on an absence of retaliation against them, and nothing the Plaintiffs now point to suggests that this conclusion was in error.  Accordingly, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 135) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 26, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party